UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL PABRUA,

          Plaintiff,

      v.

MV TRANSPORTATION, INC., et al.,

          Defendants.

Case No. 26-cv-02593-SK

**ORDER ON MOTION TO SUBSTITUTE**

Regarding Docket No. 5

Now before the Court is the motion to substitute in a defendant filed by Plaintiff Michael Pabrua ("Plaintiff") pursuant to Federal Rule of Civil Procedure 25(a). On March 25, 2026, Defendant MV Transportation, Inc. ("MV Transportation") filed a notice of removal. (Dkt. No. 1.) In that removal, MV Transportation represented that Defendant Randolph Joel Wiesendanger ("Wiesendanger") died before Plaintiff filed this lawsuit. (*Id*.) Upon discovering that Wiesendanger had died, Plaintiff filed this motion to substitute in the Estate of Wiesendanger ("Estate") as a defendant.

MV Transportation opposes the motion to substitute and argues that Wiesendanger did not have the capacity to be sued because he had died before Plaintiff filed this lawsuit, and, thus, that he was never a party. Therefore, there is no "party" to be substituted in under Rule 25(a). Instead, Plaintiff is required to file a motion for leave to *add* a new party.

However, Plaintiff relies on California Probate Code § 550, which provides that "an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest." Cal. Prob. Code § 550(a).

As discussed at the hearing on Plaintiff's motion, when a party moves to continue against an estate under California Probate Code § 550, the "damages sought in such an action must be

within the limits and coverage of the insurance, or recovery of damages outside the limits or coverage shall be waived." *Michelle K. v. Cnty. of Sonoma*, 2025 WL 808080, at *2 (N.D. Cal. Mar. 13, 2025) (citing Cal. Prob. Code § 554(a)); *see also Wright v. Est. of Johnson*, 2015 WL 2412102, at *3 (C.D. Cal. May 19, 2015) ("Suits brought pursuant to § 550 technically proceed[ ] against the estate to determine liability, but any such liability is imposed only upon the insurance company and only up to the amount of any applicable insurance.") (internal quotation marks and citation omitted).  Plaintiff conceded at the hearing that his damages against the Estate would be limited to the limits and coverage of the insurance.  Therefore, the Court HEREBY GRANTS Plaintiff's motion.  Pursuant to California Probate Code § 550, Plaintiff may proceed against the Estate.  Plaintiff shall file an amended complaint to reflect this change by no later than May 15, 2026.  This Order does not address whether Plaintiff's claims against the Estate relate back under Rule 15(c) because the Estate has not yet been served with the summons and complaint and/or made an appearance.

**IT IS SO ORDERED**.

Dated: May 4, 2026



SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

2