UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL PABRUA,

          Plaintiff,

     v.

MV TRANSPORTATION, INC., et al.,

          Defendants.

Case No. 26-cv-02593-SI

**ORDER TO SHOW CAUSE**

In this personal injury action, plaintiff Michael Pabrua sued defendants MV Transportation, Inc. and Randolph Joel Wiesendanger.[1] Dkt. No. 1-3, Compl. at 1. On March 25, 2026, MV Transportation removed this action from Alameda County Superior Court, on the basis of diversity jurisdiction.[2] Dkt. No. 1. The action was assigned to Magistrate Judge Kim.

On May 4, 2026, Judge Kim issued an order granting plaintiff's motion to substitute the estate for the individual defendant, given that Wiesendanger has died. Dkt. No. 14. Judge Kim set a deadline of May 15, 2026, for plaintiff to amend the complaint. *Id.* at 2. The action was then reassigned to the undersigned Judge. Dkt. No. 18. On May 20, 2026, plaintiff filed the amended complaint, against MV Transportation and the Estate of Randolph Joel Weisendanger. Dkt. No. 23.

It appears that diversity jurisdiction is lacking, in that plaintiff and the decedent are/were both residents of California. Plaintiff is a citizen of California. Am. Compl. ¶ 1. MV Transportation asserted in its removal papers that Wiesendanger was a citizen of California and that his citizenship

---

[1] The individual defendant's name is written elsewhere as *Joseph* Joel Wiesendanger, Compl. ¶ 1, and as Randolph Joel *Weisendanger*, Dkt. No. 23 (Am. Compl.) ¶ 2.

[2] MV Transportation's removal papers state in several places that the case was removed from Los Angeles County, but the underlying record indicates that the incident took place in Walnut Creek, California, and that plaintiff originally filed suit in Alameda County.

should be ignored for purposes of determining diversity because Wiesendanger lacked the capacity to be sued after he died.  Dkt. No. 1 at 3–4; McIntyre Decl. ¶ 12 & Ex. F.  The Amended Complaint states that "Defendant THE ESTATE OF RANDOLPH JOEL WEISENDANGER is named as the decedent's insured estate for purposes of establishing liability covered by insurance and is not alleged to have independent domicile or citizenship for diversity purposes."  Am. Compl. ¶ 9. However, the federal diversity statute provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."  28 U.S.C. § 1332(c)(2).

"[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raise[] the issue or not."  *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (citing *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128 (3d Cir. 1998)).  "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction."  *H.O.D. Props., LLC v. Sarkisyan*, No. CV 13-05624 MMM VBKX, 2013 WL 4052469, at *1 (C.D. Cal. Aug. 12, 2013) (citing *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.,* 346 F.3d 1190, 1192 (9th Cir. 2003); *see also Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, at *1 (N.D. Cal. Oct. 25, 2006) ("Because the Court strictly construes the removal statute against removal, if there is any doubt as to the existence of federal jurisdiction, the Court should remand the matter to state court.") (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Accordingly, the Court hereby **ORDERS THE PARTIES TO SHOW CAUSE** as to why this case should not be remanded to Alameda County Superior Court for lack of subject matter (diversity) jurisdiction.  The parties shall show cause in writing by filing a statement, limited to no more than five pages each, **by June 1, 2026.**

**IT IS SO ORDERED**.

Dated:  May 21, 2026

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

2